In the Matter of the Application of REGINALD SLAYMAKER, Petitioner, against JOSEPH A. WARREN, as Police Commissioner of the Police Department of the City of New York, Respondent.

First Department, June 15, 1928.

*James J. McLoughlin* of counsel [*Peter P. Smith* with him on the brief; *Smith, Reiher & Griffin,* attorneys], for the petitioner.

*Willard S. Allen* of counsel [*J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondent.

McAvoy, J.   The police commissioner of the city of New York made an order finding the petitioner guilty of certain charges and directing his dismissal.   The charges, generally, are, conduct unbecoming an officer, neglect of duty and violation of the rules of the department.

The petitioner was adjudged not guilty of the first specification and guilty of the second and third specifications.   The charges, in effect, were, that the petitioner accompanied one Campbell, a detective in the police department, on an occasion when Campbell attempted to extort money from a doctor by accusing him of complicity in the crime of abortion, and in driving Campbell to a place of meeting where money was passed to Campbell by the doctor. It is shown that the petitioner accompanied Campbell to the residence of the doctor once and to the residence of the woman also charged with the abortion on another occasion, but on neither occasion is it satisfactorily shown that the petitioner heard any of the arrangements made by the detective Campbell and the doctor for the payment of moneys for suppression of the charge.   Subsequently petitioner drove Campbell to a meeting place at Atlantic avenue and Court street, Brooklyn, where Campbell got out of petitioner's car and went to the doctor's car, which was standing near by, and received $300 from the doctor.   Campbell returned from the doctor's car and got in the car with the petitioner, when other police officers came up and Campbell attempted to throw the money away, but it was recovered from the floor of the car. There is nothing in the evidence to show that any violation of the rules of the department was involved in petitioner's driving Campbell to the place of meeting, and nothing was proved which showed that he knew of Campbell's errand.   The apparent theory on which the findings of guilt were made is that certain inferences of knowledge may be drawn from the presence of the petitioner with Campbell at the times when he accompanied him to these meetings with

the doctor. All the testimony shows that the arrangement for the payment of moneys was between Campbell and the doctor. Petitioner was assigned to assist Campbell on this case, and his presence on the occasions in question is susceptible of an innocent rather than a guilty intent. The record, therefore, has no competent proof to support the findings, since an inference was not justified that petitioner was in any way involved in a violation of the department rules. The first charge was properly dismissed by the commissioner, which alleged that petitioner assisted in arranging for the amount to be extorted by Campbell.

The two other charges should also have been dismissed, since the other acts of petitioner do not amount to any dereliction punishable under any department rule. In order to sustain charges which are so grave in their nature as to warrant dismissal, there should be more than merely slight inferential evidence of each material element of the offense.

The doctor testified that when he spoke to Campbell the conversation that he had was in a natural tone; that he and Campbell spoke in a fairly low tone of voice. He was examined as to the conversation and thus he testified: " Q. You would not presume to say to the Commissioner that Slaymaker heard everything that you said and that Campbell said? A. No, I would not." And in none of the telephone calls that the doctor had nor in any of the previous meetings was the name of Slaymaker used. The doctor also testified in a hearing in the Magistrate's Court that he could not say whether Slaymaker saw him pass the bills or not. He said in answer to the magistrate's question: " I do not believe he could." No concert of action was thus shown between petitioner and Campbell.

We think the evidence did not justify the findings and order of dismissal, and that the order of certiorari should be sustained, the proceedings annulled, and the petitioner reinstated.

The order of certiorari should be sustained, the proceedings annulled and petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Order of certiorari sustained, the proceedings annulled and petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.